KENNEDY & SON v. DUNBAR.

1. CIRCUIT JUDGE—AGRICULTURAL LIEN—WARRANT OF ATTACHMENT—REV. STAT., 2519.—A Circuit Judge has jurisdiction to hear a motion to vacate a warrant of attachment issued by a Trial Justice on an agricultural lien at any time while the crops seized are in possession of the attaching officer—*construing* Rev. Stat., 2519.

2. SUPREME COURT—FINDING OF FACT.—This Court has no jurisdiction to make any original finding of fact, and as the Circuit Judge here did not pass upon the facts, there are no findings for this Court to review.

3. WARRANT OF ATTACHMENT—AGRICULTURAL LIEN—MOTION TO SET ASIDE— REV. STAT., 2518, 2519.—The remedy given a lienor in sec. 2519 of Rev. Stat. to move to set aside a warrant of attachment under an agricultural lien, for illegal or improvident issuance, is not required to be made within ten days of seizure; nor is the remedy given in Rev. Stat., 2518, to ascer-

tain amount due on lien, exclusive of that provided in Rev. Stat., 2519— *construing* secs. 2518 and 2519, Rev. Stat.

Before BUCHANAN, J., Barnwell, November 19, 1895. Reversed.

Motion by Joe Dunbar to set aside warrant of attachment issued by Trial Justice J. M. Hair on agricultural lien, at instance of W. H. Kennedy & Son. Motion refused. Defendant appeals.

*Mr. R. C. Hollman*, for appellant.

*Messrs. Bates & Sims*, contra.

April 4, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was a motion, notice of which was served on the 5th of November, 1895, to vacate a warrant issued by a trial justice on the 25th of September, 1895, to enforce an alleged agricultural lien held by plaintiffs upon the crops of the defendant to secure advances for the year 1895. The motion was based "upon the ground that the said lien warrant was improvidently issued, and for such other and further relief as the justice of the case may demand." The motion was based upon affidavits tending to show that no advances were made during the year 1895 by the plaintiffs to the defendant, but that the paper purporting to be an agricultural lien was given to secure an old debt contracted by defendant to plaintiffs in the year 1894. The plaintiffs submitted an affidavit tending to show that the agricultural lien was to secure the payment of sixty dollars, the price of 100 bushels of corn sold to defendant for agricultural purposes on the 25th of April, 1895, the day the agricultural lien was executed. This affidavit further stated that the lien was payable on the 25th of October, 1895, and that the crops were seized by the constable of the trial justice on the 27th of September, 1895. The motion was heard by his Honor, Judge

Buchanan, on the 19th of November, 1895. At the hear-. ing the plaintiffs "demurred to the motion, upon the ground that the Court had no jurisdiction, as the case was then pending in the trial justice court, and upon the further ground that more then ten days had elapsed since the seizure of the crops under the lien warrant aforesaid." After hearing argument, the Circuit Judge refused the motion, upon the ground that more than ten days having elapsed since the seizure of the crops before any notice of this motion had been served, the defendant had lost any right he may have had to the relief demanded by the motion.

From this order the defendant has appealed upon three grounds which are set out in the record, which make substantially these questions: 1st. Whether there was error in holding that the lapse of the ten days precluded defendant's right to make this motion. 2d. Whether there was error in not holding that the motion was in the nature of a motion to vacate an attachment, which could be made at any time while the property seized was in the custody of the Court. 3d. Whether there was error in refusing to consider and decide the issue raised by the proceedings, viz: whether the warrant was improvidently issued.

The plaintiffs, according to proper practice, gave notice that they would insist that the order refusing the motion should be sustained upon the following additional grounds: 1st. Because the Circuit Judge had no jurisdiction, as the case was then pending in the trial justice court. 2d. Because under the facts proved the defendant was not entitled to the relief asked for.

The question of jurisdiction, raised by the plaintiffs' first ground above, should be first disposed of—since, if the Circuit Judge had no jurisdiction, no other question could properly arise. Plaintiffs assume in their statement of this ground to sustain the order appealed from that "the case was then pending in the trial justice court," but this fact does not appear in the "Case," and, therefore, cannot be assumed by this Court. On the contrary,

the whole of the record shows that this assumption is altogether unfounded, for the obvious reason that when this motion was made there, was no case pending either in the trial justice court or in any other court. · The record shows that the plaintiffs had·obtained from the trial justice a warrant to enforce an alleged agricultural lien. It is not claimed that any such proceeding was instituted, as is contemplated and provided for in sec. 2518 of the Rev. Stat., for the purpose of determining whether the amount claimed was justly due. Had such proceedings been taken and remained undisposed of in the trial justice court, it might, with some show of reason, be said that a case involving the same question as was raised in the motion to vacate, was pending before the trial justice. As the matter stood, no issue was pending before the trial justice. His connection with the special proceeding authorized under the agricultural lien law terminated with the issuance of the warrant, no issue being raised before him as to the amount justly due under the lien. Furthermore, sec. 2519 of the Rev. Stat. expressly gives a Circuit Judge jurisdiction to entertain a motion to vacate a warrant of seizure under an agricultural lien, whether the same be issued by the clerk of the court, or by a trial justice. The provision is, that "the person against whom it is issued shall have the right to move before the clerk of the court, or trial justice, by whom it is issued, *or a Circuit Judge* (italics ours), to vacate said warrant of seizure, &c." It was contended in argument here that this sec. 2519 should be so construed as to limit the power of a Circuit Judge to vacate such warrants only as are issued by clerks of the court; but such a construction is not possible, without doing violence to the language used, or interpolating words in the statute, which the Legislature has not seen fit to employ. It is clear, therefore, that the Circuit Judge had jurisdiction.

As to the second ground suggested by plaintiffs to sustain the order, it is quite sufficient to say, that this Court has no jurisdiction to make any original find-

ing of fact, and that the Circuit Judge did not pass upon the facts; since, under the view which he took of the law, it was unnecessary for him to do so. There is, therefore, no question of fact for our review, even if we had power to review findings of fact in a case like this, which we are by no means prepared to admit.

What has been said practically disposes of the defendant's third exception, and it may be dismissed from further consideration.

This leaves substantially but one other question to be determined, viz: whether the Circuit Judge erred in holding, that the lapse of the ten days barred defendant's right to demand the relief asked for? We think the Circuit Judge erred in so holding. The motion was made under the provisions of sec. 2519, Rev. Stat., quoted in part above. This act prescribes no limit of time within which such motion must be made. The Circuit Judge seems to have taken the view that the matter was controlled by sec. 2518, Rev. Stat., wherein it is provided, "that if the person to whom such advances have been made shall give notice in writing within ten days after such seizure, accompanied with an affidavit to the effect that the amount claimed is not justly due, then the trial justice issuing the warrant shall, at the expiration of twenty days, decide an issue, &c." While it may be true that, under this provision, the defendant lienor might, if he had so chosen, have raised the question that the amount claimed was not justly due *under the lien*, by showing that the debt attempted to be secured by the lien was an antecedent debt, and not for advances made under the lien for agricultural purposes. (see *Warren, Wallace & Co.* v. *Lawton*, 14 S. C., 478): still this remedy is totally distinct from and is not at all exclusive of the remedy under sec. 2519, viz: to move before the designated officer to vacate the warrant of seizure for illegal or improvident issuance. The proceeding contemplated in sec. 2519 is designated simply to afford means for ascertaining whether the amount claimed is justly due, while the

proceeding contemplated in sec. 2518 goes much further, and affords a remedy by which both the lien and the warrant issued thereunder may be attacked. In *Bates* v. *Killian*, 17 S. C., 553, it was held, that giving bond for discharge of property attached under sec. 263 of the Code of Procedure did not prevent motion to discharge the attachment under sec. 262, and in *Segler* v. *Coward*, 24 S. C., 119, it was decided that the remedy given the lienor by sec. 2522, Rev. Stat., is not exclusive of other remedies, and that motion may be made to vacate the warrant of seizure. So, analogously, we hold here, that the remedy given the lienor in sec. 2518, where there *is a limit* of time in which to proceed, does not preclude the remedy given in sec. 2519, as to which *no limit* of time is prescribed. Hence the ten days limit prescribed in sec. 2518 has no application whatever to the procedure provided for in sec. 2519. This being so, it follows, as a matter of course, that it cannot be too late to move to vacate the warrant of seizure under sec. 2519, while the property is still under seizure in the hands of the attaching officer, as in this case.

It is the judgment of this Court, that the order appealed from be reversed, with leave to the appellant lienor to renew his motion to vacate the warrant of seizure before any proper tribunal, as he may be advised.